### STATE OF CONNECTICUT v.
### HARTFORD ACCIDENT AND INDEMNITY COMPANY ET AL.

SUPERIOR COURT  HARTFORD COUNTY  FILE No. 69012

Memorandum filed March 30, 1951

*George C. Conway*, Attorney General, and *Thomas J. Conroy*, Assistant Attorney General, of Hartford, for the Plaintiff.

*Robinson, Robinson & Cole*, of Hartford, for the Defendants.

COMLEY, J. This case has been tried once and appealed to the Supreme Court of Errors. See 136 Conn. 157. A new trial was ordered. The rescript itself does not limit the issues to be considered, but it is apparent from a reading of the opinion that the purpose of the retrial was to ascertain clearly what, if any, misrepresentations of fact were made to the Deliso Company

which induced it to enter into the contract. Counsel so interpreted the opinion of the appellate court, and the evidence which they offered before me was strictly limited to this narrow issue. They have stipulated that all the evidence and exhibits introduced at the first trial should be considered as applicable to this second trial.

Judge Troland, who presided at the first trial, made a lengthy finding of facts covering in great detail the complicated history of the case. There is no occasion for a repetition of these facts at the present time. It seems to me sufficient to state that I adopt them as my own findings and conclusions except as hereinafter stated.

The evidence introduced before me was limited almost entirely to the discussion which took place on January 9, 1941, at the office of the highway commissioner. Mr. Deliso, Mr. Bushell and Mr. Cox were present. Judge Troland, in paragraph 75 of his finding, found that "during this discussion Bushell stated repeatedly that the cross section drawings showed that the rock cut would be 38,000 cubic yards." The Supreme Court construed this to mean that Bushell stated only that the rock as shown on the cross-section drawings was 38,000 cubic yards, which was substantially true, and that it did not mean that Bushell misrepresented to Deliso that the rock to be cut on the job was 38,000 yards or that the extent of the rock to be cut was shown on the cross-section drawings. This is a fine distinction and, in studying the transcript of the testimony of the three witnesses who appeared before me, it is not always easy to determine the precise meaning of their statements.

However, I find that, at the conference held on January 9, 1941, Bushell repeatedly stated to Deliso that the cross-section drawings showed the amount of rock which would have to be cut on the job. I further find that at this conference Bushell also stated repeatedly to Deliso that the extent of the rock to be cut on the job was about 38,000 cubic yards.

From this it follows that the defendant The Deliso Construction Company, Inc., is entitled to judgment. Judgment is rendered for the defendants on the complaint, and on the counterclaim of the defendant Deliso Construction Company, Inc., for it to recover of the state of Connecticut $61,313.78 with interest thereon at 6 per cent per annum from September 25, 1941.